UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| BRYAN DALE HAMMOND, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:18-CV-64-RLM-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Bryan Dale Hammond, Jr., a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. Mr. Hammond was found guilty of Class A offense 102, assault and battery, in case number ISF 16-02-310. The hearing officer imposed a number of sanctions including the loss of 180 days of earned credit time, a demotion in credit class, and restitution totaling $11,395.10 for a hospital bill for the offender he injured.

Mr. Hammond has filed this habeas corpus petition concerning only the restitution sanction. He says his due process rights are being violated because prison officials are taking all of the money he receives, except for $5.00 a month, and applying it to the amount he owes in restitution. Because the restitution order imposed by the hearing officer didn't lengthen the duration of Mr. Hammond's confinement, he can't challenge it in a habeas corpus proceeding. Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003); Moran v. Sondalle, 218 F.3d 647, 650-

651 (7th Cir. 2000); *See also* Hah Qawi v. Martin, No. 3:07-CV-0057, 2007 WL 1119298, at *1 (N.D. Ind. April 12, 2007) (recognizing that restitution is not actionable under 28 U.S.C. § 2254).

For these reasons, the petition is DENIED pursuant to Section 2254 Habeas Corpus Rule 4 and the clerk is directed to CLOSE this case.

SO ORDERED on June 20, 2018

                                      /s/ Robert L. Miller, Jr.
                                      JUDGE
                                      UNITED STATES DISTRICT COURT